**SUSMAN GODFREY LLP**
Brooke A. M. Taylor, Lead Attorney
WA Bar No. 33190 (Admitted *Pro Hac Vice*)
btaylor@susmangodfrey.com
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
(additional counsel listed below signature)

*Defendant Zillow, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOP AGENT NETWORK, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ZILLOW, INC. <br><br> Defendant. | Case No. 3:14-cv-04769-RS <br><br> **DEFENDANT ZILLOW, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **DECLARATION OF BROOKE A. M. TAYLOR AND [PROPOSED] ORDER ARE FILED CONCURRENTLY HEREWITH** <br><br> Date: 1/29/2015 <br> Time: 1:30 PM <br> Courtroom: 3 <br> Judge: Hon. Richard G. Seeborg <br> Complaint filed: 10/27/14 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Thursday, January 29, 2015, at 1:30 PM, or as soon thereafter as this matter may be heard before Judge Richard G. Seeborg, in Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, Defendant Zillow, Inc. ("Zillow") will, and hereby does, move the Court to dismiss Plaintiff Top Agent Network, Inc.'s ("TAN's") complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Civil Local Rules 7-1 and 7-2 for the reasons explained in the attached Memorandum of Points and Authorities. The grounds for Zillow's motion are summarized as follows:

1. TAN's California Uniform Trade Secrets Act ("CUTSA") claim (Third Cause of Action) should be dismissed because TAN has failed to plead any facts that would support the existence of any protectable trade secret, and has instead pleaded facts that indicate the alleged confidential information was freely available to thousands of people on the Internet.

2. TAN's fraud claim (First Cause of Action) should be dismissed for failure to plead facts with sufficient particularity as required by Fed. R. Civ. P. 9(b). In particular, TAN fails to identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.

3. TAN's claim under the Computer Fraud and Abuse Act ("CFAA") (Ninth Cause of Action) should be dismissed because TAN fails to allege that Zillow exceeded the authority TAN gave it as the CFAA requires.

4. TAN's claim under the Computer Data Access and Fraud Act ("CDAFA") (Tenth Cause of Action) should be dismissed because TAN fails to allege that Zillow acted "without permission" by circumventing technical or code-based barriers in place to restrict access to TAN's website.

5. TAN's claims for (1) fraud and deceit (First Cause of Action), (2) negligent misrepresentation (Second Cause of Action), (3) misappropriation of ideas (Fourth Cause of Action), (4) breach of confidence (Fifth Cause of Action), (5) statutory unfair competition (Sixth Cause of Action), (6) promissory estoppel (Eleventh Cause of Action), and (7) unjust enrichment (Twelfth Cause of Action) should be dismissed because they are each superseded by CUTSA.

6. TAN's claims for (1) breach of the covenant of good faith and fair dealing (Eighth Cause of Action), (2) unjust enrichment (Twelfth Cause of Action), (3) negligent misrepresentation (Second Cause of Action), and (4) declaratory

relief (Thirteenth Cause of Action), should be dismissed because they are redundant of other claims alleged in the complaint.

# **TABLE OF CONTENTS**

NOTICE OF MOTION ................................................................................................................ i

MEMORANDUM OF POINTS AND AUTHORITIES PRELIMINARY
     STATEMENT ................................................................................................ 1

RELEVANT FACTS .............................................................................................................. 3

LEGAL STANDARD ............................................................................................................ 3

ARGUMENT ......................................................................................................................... 4

    I.     The Court should dismiss TAN's CUTSA claim because TAN has
           failed to allege any protectable trade secret. .......................................... 4

    II.    TAN's CFAA claim should be dismissed because TAN fails to plead
           facts alleging Zillow ever exceeded its authorization. ........................... 6

    III.   TAN's CDAFA claim should be dismissed because TAN fails to plead
           facts alleging that Zillow ever acted "without permission." .................. 7

    IV.   The Court should dismiss TAN's fraud claim because TAN has failed
           to plead fraud with sufficient particularity. ............................................ 8

    V.    The Court should dismiss TAN's claims as superseded by CUTSA
           and/or redundant. ................................................................................... 9

         1.     Fraud Claim ................................................................................. 11

         2.     Negligent Misrepresentation Claim ........................................... 12

         3.     Misappropriation of Ideas Claim ................................................ 13

         4.     Breach of Confidence Claim ....................................................... 13

         5.     Unfair Competition Claim .......................................................... 14

         6.     Promissory Estoppel Claim ........................................................ 14

         7.     Unjust Enrichment Claim ........................................................... 15

    VI.   The Court should dismiss TAN's claim for breach of the covenant of
           good faith and fair dealing as redundant. ............................................. 16

    VII.  The Court should dismiss TAN's claim for declaratory relief because it
           would be resolved by the determination of other claims. ..................... 17

CONCLUSION ................................................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Acculmage Diagnostics Corp. v. Terarecon, Inc.*,
    260 F. Supp. 2d 941(N.D. Cal. 2003), ........................................................... 13

*Altavion, Inc. v. Konica Minolta Sys. Lab. Inc.*,
    171 Cal. Rptr. 3d 714 (Ct. App. 2014).......................................................... 9

*Ashcroft v. Iqbal,*,
    556 U.S. 663 (2009) ................................................................................ passim

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1988)........................................................................ 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................... 12, 13

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
    637 F.3d 1047 (9th Cir. 2011)...................................................................... 8

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
    272 Cal. Rptr. 387 (Ct. App. 1990).............................................................. 17

*Datel Holdings Ltd. v. Microsoft Corp.*,
    712 F. Supp. 2d 974 (N.D. Cal. 2010) .......................................................... 4

*Diacakis v. Comcast*,
    No. C 11-3002 SBA, 2012 WL 43649 (N.D. Cal. Jan. 9, 2012) ................... 16

*Digital Envoy v. Google, Inc.*,
    370 F. Supp. 2d 1025 (N.D. Cal. 2005) ............................................. 9, 14, 15

*DVD Copy Control Ass'n, Inc. v. Bunner*,
    10 Cal. Rptr. 3d 185 (Ct. App. 2004)............................................................ 6

*Facebook, Inc. v. Power Ventures, Inc.*,
    844 F. Supp. 2d 1025 (N.D. Cal. 2012) .................................................... 7, 8

*First Advantage Background Servs. Corp. v. Private Eyes, Inc.*,
    569 F. Supp. 2d 929 (N.D. Cal. 2008) .......................................................... 12

*Guz v. Bechtel Nat. Inc.*,
    8 P.3d 1089 (Cal. 2000) ............................................................................... 17

*In re Facebook PPC Adver. Litig.*,
    2010 WL 5174021 (N.D. Cal. Dec. 15, 2010) ................................................ 4

*In re Ford Tailgate Litig.*,
    No. 11-CV-2953-RS, 2014 WL 3899545 (N.D. Cal. Aug. 8, 2014) .......... 15, 16

*In re Google android Consumer Privacy Litig.*,
    11-MD-02264-JSW, 2013 WL 1283236 (N.D. Cal. Mar. 26, 2013).................. 7

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) ................................................................. 16

*Integral Dev. Corp. v. Tolat*,
    No. C 12-06575-JSW, 2013 WL 5781581 (N.D. Cal. Oct. 25, 2013) ............................... 2

*Integrated Storage Consulting Servs., Inc.*,
    2013 WL 3974537 ................................................................................................. 17

*K.C. Multimedia, Inc. v. Bank of Am. Tech. & Ops., Inc.*,
    90 Cal. Rptr. 3d 247 (2009) ........................................................................... 9, 14

*Kwikset Corp. v. Superior Court*,
    246 P.3d 877 (Cal. 2011) ..................................................................................... 10

*Landucci v. State Farm Ins. Co.*,
    No. 5:14-CV-00789-LHK, 2014 WL 3705117(N.D. Cal. July 23, 2014) .................. 13, 17

*Language Line Servs., Inc. v. Language Servs. Assocs., Inc.*,
    944 F. Supp. 2d 775 (N.D. Cal. 2013) ..................................................................... 10

*LVRC Holdings LLC v. Brekka*,
    581 F.3d 1127 (9th Cir. 2009).......................................................................... 6, 7

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
    519 F.3d 1025 (9th Cir. 2008)............................................................................. 3

*Multiven, Inc. v. Cisco Sys., Inc.*,
    725 F. Supp. 2d 887 (N.D. Cal. 2010) ...................................................................... 7

*Netbula, LLC v. BindView Dev. Corp.*,
    516 F. Supp. 2d 1137 (N.D. Cal. 2007) ................................................................. 13

*Neu v. Terminix Int'l, Inc.*,
    No. C 07-6472-CW, 2008 WL 962096 (N.D. Cal. Apr. 8, 2008)...................................... 8

*Nordberg v. Trilegiant Corp.*,
    445 F. Supp. 2d 1082 (N.D. Cal. 2006) ................................................................. 17

*O'Toole v. Northrop Grumman Corp.*,
    499 F.3d 1218 (10th Cir. 2007)............................................................................. 4

*Paralyzed Veterans of Am. v. McPherson*,
    No. C 06-4670-SBA, 2008 WL 4183981 (N.D. Cal. Sept. 9, 2008) ................................. 4

*Qiang Wang v. Palo Alto Networks, Inc.*,
    No. C 12-05579-WHA, 2013 WL 415615 (N.D. Cal. Jan. 31, 2013) .................. 10, 11, 14

*Salameh v. Tarsadia Hotel*,
    726 F.3d 1124 (9th Cir. 2013)............................................................................. 8

*Scognamillo v. Credit Suisse First Boston, LLC*,
    587 F. Supp. 2d 1149 (N.D. Cal. 2008) ..................................................................... 4

*Silvaco Data Sys. v. Intel Corp.*,

109 Cal. Rptr. 3d 27(Ct. App. 2010) ............................................................................9-10

*SocialApps, LLC v. Zynga, Inc.*,
    No. 4:11-CV-04910-YGR, 2012 WL 381216 (N.D. Cal. Feb. 6, 2012) ..................... 2, 4, 5

*SunPower Corp. v. SolarCity Corp.*,
    No. 12-CV-00694-LHK, 2012 WL 6160472 (N.D. Cal. Dec. 11, 2012) ........... 2, 9, 10, 11

*Trazo v. Nestle USA, Inc.*,
    No. 5:12-CV-2272-PSG, 2013 WL 4083218 (N.D. Cal. Aug. 9, 2013)........................... 16

*United States v. Washington*,
    759 F.2d 1353 (9th Cir. 1985).................................................................................. 17, 18

*VIA Techs., Inc. v. SONICBlue Claims LLC*,
    No. C 09-2109-PJH, 2010 WL 2486022 (N.D. Cal. June 16, 2010) ..................... 2, 17, 18

## Statutes

18 U.S.C. §§ 1030(a)(2)(c) and (a)(4)............................................................................... 6

Cal. Civ. Code § 3426.1 ............................................................................................... 2, 4

Cal. Civ. Code § 3426.3 ................................................................................................... 9

Cal. Civ. Code § 3426.7 ................................................................................................... 9

## Rules

Fed. R. Civ. P. 12(b)(6).............................................................................................i, 3, i, ii

Fed. R. Civ. P. 9(b) ................................................................................................i, 2, 8, 9

## MEMORANDUM OF POINTS AND AUTHORITIES
## PRELIMINARY STATEMENT

Plaintiff Top Agent Network, Inc. ("TAN") filed a kitchen-sink complaint against Zillow, Inc. ("Zillow") that—at its core—contains only one allegation: that Zillow misappropriated some unidentified trade secret owned by TAN. Based on this single alleged wrongdoing, TAN has spun out thirteen different causes of action and yet failed to state a legally cognizable claim in every instance except for TAN's Seventh Cause of Action for breach of oral contract.

TAN is an online social network for real estate agents. According to TAN's website (and the complaint), TAN runs an online forum for the top 10% of real estate agents that allows them to exchange information about listings before the listings are available to consumers (known as "pocket listings"[1]). Complaint ¶¶ 2, 13, 17-18. TAN's members also promote their TAN-member status to other real estate agents and potential clients. *See id.* ¶¶ 13-19. TAN members are not required to sign any non-disclosure agreements, much less one concerning any aspect of TAN's website. Exhibit 1.[2] Despite TAN's public and run-of-the-mill e-business model—a model that TAN itself concedes in the complaint is no secret, *see* Complaint ¶¶ 13, 17-18—TAN claims Zillow misappropriated its unspecified trade secrets, along with other unidentified "confidential and proprietary information" about TAN's business. *See id.* ¶¶ 1, 32-33. TAN filed this retaliatory lawsuit after Zillow—a leading home and real estate marketplace—rejected TAN's request that Zillow provide it investment capital. *See id.* ¶ 31.

But, in its haste to assert every imaginable claim against Zillow, TAN filed a complaint that is deficient as a matter of law for at least the following six reasons:

---

[1] "Pocket listing" is a real estate industry term denoting a property whose owner has signed a listing agreement with a broker but is still awaiting placement on a Multiple Listing Service and has not yet been marketed as "for sale."

[2] *See* Top Agent Network, http://web.archive.org/web/20131106115330/http://www.topagentnetwork.com/terms-of-service/ (archived on Nov. 6, 2013). All references to "Exhibits" are described in the Declaration of Brooke A. M. Taylor.

1. TAN's claim under the California Uniform Trade Secrets Act ("CUTSA") rests on unspecified trade secret information that TAN concedes (and that the exhibits to this motion prove) is published on the Internet. *See* Complaint ¶¶ 13, 21, 58. By definition, such information does not constitute "trade secrets." *See SocialApps, LLC v. Zynga, Inc.*, No. 4:11-CV-04910-YGR, 2012 WL 381216, at *2, 5 (N.D. Cal. Feb. 6, 2012) (citing Cal. Civ. Code § 3426.1). With respect to this claim, TAN has wholly failed to plead facts plausibly entitling it to any relief. *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009).

2. TAN's Computer Fraud and Abuse Act ("CFAA") claim fails because TAN concedes in its complaint that it granted Zillow authorization to access all parts of the TAN website that Zillow is alleged to have accessed. *See* Complaint ¶¶ 23, 30, 40, 44. As a result, TAN has failed to allege that Zillow ever exceeded its authority in connection with its access to TAN's website, as required by the CFAA.

3. TAN's Computer Data Access and Fraud Act ("CDAFA") claim fails because TAN does not allege that Zillow acted "without permission" by circumventing technical or code-based barriers to TAN's website. *See Integral Dev. Corp. v. Tolat*, No. C 12-06575-JSW, 2013 WL 5781581, at *3–4 (N.D. Cal. Oct. 25, 2013).

4. TAN's fraud claim should be dismissed for failure to plead facts with sufficient particularity as required by Federal Rule of Civil Procedure 9(b). In particular, TAN fails to identify the who, what, when, where, and how of the misconduct charged, or what is false or misleading about the purportedly fraudulent statement, and why it is false.

5. The California Uniform Trade Secrets Act ("CUTSA") supersedes TAN's causes of action for fraud, negligent misrepresentation, misappropriation of ideas, breach of confidence, unfair competition, promissory estoppel, and unjust enrichment. Because these causes of action are all based on the same factual allegations as TAN's CUTSA claim, they should be dismissed as superseded. *See SunPower Corp. v. SolarCity Corp.*, No. 12-CV-00694-LHK, 2012 WL 6160472, at *2-3 (N.D. Cal. Dec. 11, 2012).

6. TAN's causes of action for breach of the implied covenant of good faith and fair dealing, unjust enrichment, negligent misrepresentation, and declaratory relief should be dismissed as redundant of other pleaded claims because they are duplicative and fail to state any independent basis for relief. *See, e.g., VIA Techs., Inc. v. SONICBlue Claims LLC*, No. C 09-2109-PJH, 2010 WL 2486022, at *3 (N.D. Cal. June 16, 2010) (dismissing a request for declaratory relief on the pleadings because the request was duplicative of another claim).

**RELEVANT FACTS**

TAN claims to have approximately 4,700 members, all of whom have access to TAN's website. Complaint ¶¶ 13-15. TAN's member directory is published by TAN on the Internet. *See also* Exhibit 2 (Screen Print of Member Directory on TAN's Website). TAN's website enables users to post information to the site. *See id.* ¶ 17. TAN's Terms of Service prohibit its members from publishing any confidential information on the website. *See* Exhibit 1 § 10.[3] TAN gave Zillow member-level access to its website for a brief period of time in connection with Zillow's evaluation of a potential investment in TAN. *See id.* ¶¶ 23, 25. Zillow—like all TAN members—was not required to sign a non-disclosure agreement ("NDA") before accessing TAN's website. *See id.* ¶ 38. In May 2014, Zillow informed TAN that it would not be providing TAN with investment capital. *See id.* ¶¶ 20, 31. On October 27, 2014, TAN filed this lawsuit, alleging that Zillow misappropriated unspecified "trade secrets and other confidential and proprietary information" from TAN in connection with Zillow's "Coming Soon" product and used that information to TAN's detriment. *Id.* ¶¶ 1-3. For the reasons explained below, counts 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, and 13 of TAN's complaint should be dismissed.

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim may be based on either (1) the "lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In considering whether to dismiss a complaint pursuant to Rule 12(b)(6), the Court is only required to accept the plaintiff's non-conclusory allegations and view them in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Conclusory

---

[3] *See* Top Agent Network, http://web.archive.org/web/20131106115330/http://www.topagentnetwork.com/terms-of-service/ (archived on Nov. 6, 2013).

allegations need not be considered because they are insufficient as a matter of law. *See Iqbal*, 556

U.S. at 678. Factual allegations are insufficient to support a claim for relief where they do not

"allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.*

The Court can and should take judicial notice of Exhibits 1-4 to this motion. *See, e.g.*, *In re Facebook PPC Adver. Litig.*, 2010 WL 5174021, at *4 (N.D. Cal. Dec. 15, 2010) (taking judicial notice of an "exemplary screen shot" of a web page); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 984-85 (N.D. Cal. 2010) (granting judicial notice of several documents that are publically available online); *Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670-SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web." (quoting *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007))); *see also* Complaint ¶ 59 (referencing TAN's Terms of Service).

## ARGUMENT

**I.    The Court should dismiss[4] TAN's CUTSA claim because TAN has failed to allege any protectable trade secret.**

TAN has not alleged or identified any protectable trade secret under CUTSA. To be a "trade secret" under California law, information cannot be "generally known to the public." Cal. Civ. Code § 3426.1. Information that is available to the world on the Internet is public, and is therefore not a trade secret. *See SocialApps, LLC*, 2012 WL 381216, at *2, 5 (stating that "images and various features" that were "publicly available to the world on the Internet" are not trade secrets).

---

[4] Zillow seeks dismissal of the claims in the complaint with prejudice because it believes that amendment is futile. *See Scognamillo v. Credit Suisse First Boston, LLC*, 587 F. Supp. 2d 1149, 1160 (N.D. Cal. 2008) (granting a motion to dismiss without leave to amend).

TAN alleges that Zillow misappropriated information from TAN's website—information TAN expressly authorized Zillow to access. Complaint ¶¶ 60-61. According the complaint, this purported trade secret information includes "the manner in which [TAN's pocket listing] feature was developed and implemented, the strategy behind it, the operation of this feature, and the identity of which TAN member agents made listing posts on TAN's member-only web application." *Id.* ¶ 58. But TAN does not allege that it took any meaningful steps to protect the confidentiality of this information. *See id.* ¶ 59. To the contrary, TAN published this information on the Internet. *See id.* TAN does not and cannot allege that it kept the identity of its members "private," or that material on its web application was confidential, because neither is true. *See id.* ¶¶ 13-19, 55-66. Here, this wholesale absence of any pleaded trade secret is fatal to TAN's CUTSA claim. *SocialApps, LLC*, 2012 WL 381216, at *2, 5.

Public Internet archives, including a screen shot from TAN's website attached as Exhibit 2,[5] belie TAN's allegations. TAN published a directory of its member agents on the Internet in 2013 (and continues to do so today)—long before TAN and Zillow ever spoke. *See* Exhibit 2; *see also* Complaint ¶ 20. In addition, Exhibit 1,[6] an archived screen shot of TAN's Terms of Service, demonstrates that TAN members were not prohibited from sharing the information posted on the site with others. (To the contrary, TAN members are prohibited from posting any confidential information on the site. Exhibit 1 § 10.) TAN also freely advertises the features and operation of its website on the Internet. And, as shown in Exhibit 3,[7] TAN's own webpage contains videos from TAN members and employees explaining how the social network that TAN claims in this case constitutes a "trade secret" works, and listing all of the social network's key features and

---

[5] *See* Top Agent Network, http://web.archive.org/web/20131212103648/http://www.topagentnetwork.com/top-agent-members/ (archived on Dec. 12, 2013).

[6] *See* Top Agent Network, http://web.archive.org/web/20131106115330/http://www.topagentnetwork.com/terms-of-service/ (archived on Nov. 6, 2013).

[7] *See* Top Agent Network, http://www.topagentnetwork.com/about/how-tan-works/ (last visited, Dec. 17, 2014).

how they are implemented by TAN on its 4,700-member website.

This information is plainly not the type of Internet publication that is "sufficiently obscure or transient or otherwise limited so that it does not become generally known to the relevant people." *DVD Copy Control Ass'n, Inc. v. Bunner*, 10 Cal. Rptr. 3d 185, 192 (Ct. App. 2004). In fact, here, the opposite is true: the entire purpose of TAN's service—as is described on TAN's website—is to distribute the information to as many TAN customers as possible, so as to maximize the opportunity for a sale transaction to occur that benefits TAN members. Exhibit 4.[8] *See also* Complaint ¶¶ 16-19. By all accounts, TAN members are encouraged by TAN to flaunt their TAN-member status and talk about TAN's website, as some even do in promotional videos currently running on TAN's own website.

## II. TAN's CFAA claim should be dismissed because TAN fails to plead facts alleging Zillow ever exceeded its authorization.

The Court should also dismiss TAN's CFAA claim because TAN has failed to allege facts sufficient to support that claim. The Act generally prohibits accessing computers without authorization or in excess of authorization and using that access to commit one of the specific wrongs enumerated in the statute. *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1130-31 (9th Cir. 2009). TAN alleges that Zillow violated two subsections of the CFAA, 18 U.S.C. §§ 1030(a)(2)(c) and (a)(4), both of which require a defendant to perform actions that—at a minimum—"exceed authorized access." *See id.*; *see also* Complaint ¶¶ 97-101. In this context, "authorization" means "permission or power granted by an authority," such as TAN. *LVRC Holdings LLC*, 581 F.3d at 1133.

Here, just as in the *LVRC* case, TAN fails to allege any facts that would even arguably suggest that Zillow ever exceeded the authorization that TAN gave it. *Id.* at 1131-35. The

---

[8] *See* Top Agent Network, http://www.topagentnetwork.com (last visited, Dec. 18, 2014) (stating that "[t]hese advance communications help TAN members sell more homes while attracting more clients").

complaint instead merely states—in conclusory fashion and without any factual support—the basic elements of a CFAA claim, none of which the Court can accept as true. *See* Complaint ¶¶ 97-101; *Iqbal*, 556 U.S. at 678. TAN further alleges that it gave Zillow access to its website, Complaint ¶ 23, but TAN fails to allege—because it cannot—that Zillow used the TAN login credentials to access information it was not entitled to view. As a result, TAN's allegations are insufficient under the CFAA and the Ninth Circuit precedent in *LVRC*. They are likewise inadequate under the pleading standards established in *Iqbal* because TAN's allegations—fairly read in the light most favorable to TAN—actually establish that Zillow had express authorization from TAN to view everything that it viewed on TAN's website. *Id.* ¶¶ 23, 30; *see also* 556 U.S. at 678.

## III. TAN's CDAFA claim should be dismissed because TAN fails to plead facts alleging that Zillow ever acted "without permission."

The Court should likewise dismiss TAN's CDAFA claim for failure to plead facts sufficient to state a claim. As this Court has noted, "the necessary elements of Section 502 [the CDAFA] do not differ materially from the necessary elements of the CFAA." *Multiven, Inc. v. Cisco Sys., Inc.*, 725 F. Supp. 2d 887, 895 (N.D. Cal. 2010). In order to state a claim under subsections (c)(2), (3), (6), and (7)—the subsections that Zillow allegedly violated, Complaint ¶¶ 103-06—TAN must adequately allege that Zillow acted "without permission." *See In re Google Android Consumer Privacy Litig.*, 11–MD–02264-JSW, 2013 WL 1283236, at *11 (N.D. Cal. Mar. 26, 2013). TAN has failed to do so here because TAN has not and cannot allege that Zillow "circumvent[ed] technical or code based barriers in place to restrict or bar a user's access" to TAN's website. *Id.* (quoting *Facebook, Inc. v. Power Ventures, Inc.*, 844 F. Supp. 2d 1025, 1036 (N.D. Cal. 2012)).

As with the CFAA claim, TAN's complaint asserts in a conclusory manner that Zillow accessed TAN's web application "without permission." *See* Complaint ¶¶ 103-06. Again, the

Court should disregard such conclusory allegations under *Iqbal*, 556 U.S. at 678. Further, TAN fails to plead any facts suggesting that anyone at Zillow ever circumvented any technical barriers. *See* Complaint ¶¶ 103-06. To the contrary, TAN expressly gave Zillow permission to access TAN's website. *Id.* ¶ 60 ("Zillow was authorized to access TAN's trade secret information"). As a result, this claim—as pleaded—is legally insufficient under the requirements of the CDAFA. Taken as true, the most that the complaint ever pleads is that TAN gave Zillow login credentials and that Zillow somehow used what it learned from its review of TAN's website in a manner contrary to TAN's interests. *See id.* ¶¶ 23, 60-66. But such cursory allegations are entirely insufficient under *Facebook, Inc.*, 844 F. Supp. 2d at 1036 (noting that "use of a computer network which violates that network's terms of use is insufficient" to establish a claim under the CDAFA).

## IV. The Court should dismiss TAN's fraud claim because TAN has failed to plead fraud with sufficient particularity.

Under Rule 9(b) of the Federal Rules of Civil Procedure, a complaint must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)). TAN has failed to meet that heightened pleading standard here, and its fraud claim should be dismissed. *See, e.g.*, *Neu v. Terminix Int'l, Inc.*, No. C 07-6472-CW, 2008 WL 962096, at *5-6 (N.D. Cal. Apr. 8, 2008) (granting a motion to dismiss fraud claims because they were not pleaded with sufficient particularity under Rule 9(b)).

TAN attempts to allege that Zillow knowingly made various misrepresentations, false promises and omissions regarding its interest in TAN in order to obtain TAN's purportedly confidential information. Complaint ¶¶ 38-39, 41-42. In that regard, TAN alleges that Zillow falsely stated that it would draft and execute an NDA and that it would use "all information

provided by TAN to Zillow . . . solely to evaluate a potential investment by Zillow." *Id.* ¶ 38. Absent these misrepresentations—TAN says—TAN would not have given Zillow TAN login credentials or provided the company with information. *Id.* ¶ 44. But TAN's complaint neither describes the proprietary information that Zillow purportedly agreed to keep confidential nor expressly alleges that Zillow actually used such information for any purpose other than evaluating an investment in TAN. It further fails to allege that Zillow had any duty to tell TAN about its "Coming Soon" product. This is insufficient to plead fraud with the required particularity under Rule 9(b).

## V.     The Court should dismiss TAN's claims as superseded by CUTSA and/or redundant.

Claims are subject to dismissal pursuant to Rule 12(b)(6) when other state laws supersede them. *See SunPower Corp.*, 2012 WL 6160472, at *2-3. Here, in addition to the reasons previously described, TAN's claims of fraud, negligent misrepresentation, misappropriation of ideas, breach of confidence, unfair competition, promissory estoppel, and unjust enrichment should be dismissed because they are all superseded by CUTSA. *See id.*

CUTSA is California's statutory cause of action for misappropriation of trade secrets. *See* Cal. Civ. Code § 3426.3; *see also Altavion, Inc. v. Konica Minolta Sys. Lab. Inc.*, 171 Cal. Rptr. 3d 714, 725 (Ct. App. 2014), *review denied* Aug. 20, 2014. CUTSA carefully defines the term "trade secret" and supersedes nearly all remedies "based on the same nucleus of facts as the misappropriation of trade secrets claim for relief." *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Ops., Inc.*, 90 Cal. Rptr. 3d 247, 261 (2009) (quoting *Digital Envoy v. Google, Inc.*, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005)); *see also* Cal. Civ. Code § 3426.7. CUTSA eliminates causes of action designed to protect information that neither meets the definition of a trade secret nor is "otherwise made property by some other provision of positive law." *Silvaco Data Sys. v. Intel Corp.*, 109 Cal. Rptr. 3d 27, 53 n.22 (Ct. App. 2010), *disapproved of on other grounds by Kwikset*

*Corp. v. Superior Court*, 246 P.3d 877, 895 (Cal. 2011). The majority of district courts, including those in this district, "have held that CUTSA supersedes claims based on the misappropriation of information that does not satisfy the definition of trade secret under CUTSA." *SunPower Corp.*, 2012 WL 6160472, at *6 (collecting cases). In other words, "CUTSA supersedes claims based on the misappropriation of information, regardless of whether such information ultimately satisfies the definition of trade secret," *id.* at *7, and thus Plaintiff's failure to state a claim under CUTSA, as discussed above, does not save common law claims based on the same nucleus of facts as a trade secrets misappropriation claim. "To permit otherwise would allow plaintiffs to avoid the preclusive effect of CUTSA (and thereby plead potentially more favorable common-law claims) by simply failing to allege one of the elements necessary for information to qualify as a trade secret." *Id.* at *5. *Language Line Servs., Inc. v. Language Servs. Assocs., Inc.*, 944 F. Supp. 2d 775 (N.D. Cal. 2013) (Seeborg, J.), recently adopted the reasoning of *SunPower Corp.* and *Silvaco* and granted defendants' motion for summary judgment on the claim of conversion that was based on the same facts as the plaintiff's CUTSA claim "regardless of whether the information ultimately meets the statutory definition of a trade secret." *Id.* at 781 (citing *SunPower Corp.*, 2012 WL 6160472, at *5).

To determine whether a claim is superseded by CUTSA, the Court must "remov[e]" the trade secret facts that are alleged in the complaint, and then "reassemble[]" the remaining facts to determine whether—standing alone—those remaining facts "can independently support other causes of action involving confidential information." *Qiang Wang v. Palo Alto Networks, Inc.*, No. C 12-05579-WHA, 2013 WL 415615, at *4 (N.D. Cal. Jan. 31, 2013). The facts fail to independently support other causes of action where they do not show that plaintiff has an independent property interest in non-trade secret proprietary information, or where there is no material difference between the wrongdoing alleged in the claim at issue and the wrongdoing

alleged in the CUTSA claim. *See SunPower Corp.*, 2012 WL 6160472, at *9-13. CUTSA supersedes non-trade secret claims when they "incorporate [by reference] the same factual allegations" as the trade secret claim. *Id.* at *13.

Just as in *SunPower Corp.*, the below causes of action do nothing more than incorporate the very same factual allegations contained in TAN's CUTSA claim. *See* Complaint ¶¶ 55-66 (alleging facts regarding Zillow's alleged misappropriation of TAN's information):

- *Misappropriation of ideas. Id. ¶* 67 (incorporating ¶¶ 1-66)

- *Breach of confidence. Id. ¶* 72 (incorporating ¶¶ 1-71)

- *Unfair competition. Id. ¶* 80 (incorporating ¶¶ 1-79)

- *Promissory estoppel. Id. ¶* 109 (incorporating ¶¶ 1-108)

- *Unjust enrichment. Id. ¶* 115 (incorporating ¶¶ 1-114)

In addition to incorporating the same set of facts by reference, each of the claims listed above, as well as TAN's claim for fraud and deceit and for negligent misrepresentation, rests entirely on the same core allegation: that Zillow misappropriated TAN's purportedly confidential information. Because after stripping away the factual allegations relating to the purported misappropriation, no independently sufficient non-trade secret allegations remain, the above causes of action should be dismissed as superseded by CUTSA. *See Qiang Wang*, 2013 WL 415615, at *4-5.

## 1. Fraud Claim

TAN's fraud claim simply restates the same operative facts alleged in TAN's CUTSA claim. With respect to the alleged fraud, the complaint asserts fraud based on purported representations made by Zilllow concerning how it would use TAN's "confidential information." Complaint ¶¶ 38, 41. But TAN's fraud claim refers to the very same (unspecified) "confidential information" that is referenced in TAN's CUTSA claim. *See id. ¶* 61 (alleging that Zillow

"misappropriated TAN's confidential information, including its trade secrets"). And TAN's fraud allegations are based on precisely the same alleged wrongdoing at issue in its CUTSA allegations. *Compare id.* ¶¶ 37-46, *with* ¶¶ 61-62. CUTSA supersedes fraud claims if the "confidential information at the foundation of [both the fraud and CUTSA] claim[s]" is identical. *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 940-44 (N.D. Cal. 2008). Thus, to the extent that TAN's fraud allegations reference "material omissions" or misrepresentations that Zillow would draft a non-disclosure agreement, Complaint ¶¶ 22, 38, those allegations also fail because they likewise pertain to the same purported confidential information that forms the basis of TAN's deficient CUTSA claim.

### 2.    Negligent Misrepresentation Claim

TAN's negligent misrepresentation allegations merely repeat the assertion that Zillow misrepresented to TAN that "all information provided by TAN to Zillow would be used solely to evaluate a potential investment by Zillow and would be kept confidential." *Id.* ¶ 48. This claim is based on the same wrongdoing alleged in the CUTSA claim—*i.e.*, improperly using TAN's unspecified "confidential information." *Compare id.* ¶¶ 48, 52, *with* ¶¶ 61-62 (describing CUTSA claim). As a result, this cause of action should be dismissed as superseded by CUTSA. *First Advantage Background Servs. Corp.*, 569 F. Supp. 2d at 945. And TAN's vague and conclusory references to "other" unspecified misrepresentations "regarding important facts" are insufficient to support a distinct claim of negligent misrepresentation because they fail to provide "fair notice of what the . . . claim is and the grounds upon which it rests." *See Iqbal*, 556 U.S. at 698-99 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also* Complaint ¶ 48.

TAN's negligent misrepresentation claim should also be dismissed for the independent reason that it is entirely duplicative of TAN's fraud claim. TAN's negligent misrepresentation claim alleges that Zillow misrepresented to TAN that all information provided by TAN to Zillow

would be used solely to evaluate a potential investment by Zillow and would be kept confidential. Complaint ¶ 48. Zillow's promise is the only alleged misrepresentation mentioned in the complaint. *See* Complaint ¶¶ 47-54. This alleged misrepresentation is—on its face—a promise of future performance. *See id.* Liability for breach of a promise of future performance requires proof that the promisor had no intent to perform. *Netbula, LLC v. BindView Dev. Corp.*, 516 F. Supp. 2d 1137, 1157 (N.D. Cal. 2007). Thus, proving the alleged negligent misrepresentation requires TAN to prove all the elements of fraud. As a result, TAN's negligent misrepresentation claim, *see id.* ¶¶ 47-54, is legally and factually indistinguishable from the fraud claim and should be dismissed as duplicative. *See generally Landucci v. State Farm Ins. Co.*, No. 5:14-CV-00789-LHK, 2014 WL 3705117, at *12-13 (N.D. Cal. July 23, 2014) (dismissing a claim as superfluous).

### 3. Misappropriation of Ideas Claim

TAN unsuccessfully attempts to describe a common law claim of misappropriation, Complaint ¶¶ 67-71, by asserting that TAN suffered damages after Zillow used unspecified "confidential information" that TAN disclosed "solely for the purpose of allowing Zillow to evaluate whether it would invest in TAN." *Id.* ¶ 70. But, once again, this claim is based on the same set of alleged facts that form the basis of TAN's CUTSA claim. *Compare with id.* ¶¶ 61-62 (describing the CUTSA claim). Faced with very similar facts, the Court in *Acculmage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 952-954 (N.D. Cal. 2003), dismissed a common law misappropriation claim as superseded by CUTSA, and the Court should do so here.

### 4. Breach of Confidence Claim

TAN's cause of action for breach of confidence alleges the same operative facts as its CUTSA claim. The complaint alleges, in relevant part, that "TAN prepared and created

[unspecified] novel ideas" relating to the creation of its web application where member agents could share "confidential information." *See* Complaint ¶ 73. The complaint goes on to state that "Zillow . . . agre[ed] to keep [TAN's] novel ideas confidential and to use them only for the purpose of evaluating an investment in TAN." *Id.* ¶ 76. TAN then alleges that Zillow later engaged in some sort of unauthorized use of those ideas. *Id.* ¶ 77. But this claim again references the same "confidential information" that forms the basis TAN's CUTSA claim. *Compare id.* ¶ 73, *with id.* ¶ 61-62 (describing the CUTSA claim). And the alleged wrongdoing by Zillow is exactly the same. *Compare id.* ¶¶ 72-79, *with id.* ¶¶ 61-62. This Court has previously dismissed similar breach of confidence claims because they were superseded by CUTSA under analogous circumstances, and it should do the same here. *See, e.g., Qiang Wang*, 2013 WL 415615, at *3-5.

### 5. Unfair Competition Claim

CUTSA displaces a statutory claim for unfair competition under California's Unfair Competition Law ("UCL") where—as here—the claim is based on the same set of operative facts as the CUTSA claim. *K.C. Multimedia, Inc.*, 90 Cal. Rptr. 3d at 261. Here, TAN's UCL claim relies on "Zillow's wrongful acts and conduct as [previously] alleged in this complaint," including TAN's CUTSA allegations. *See* Complaint ¶¶ 61-62, 80-81. Moreover, to the extent that TAN makes any specific allegations as part of this claim, TAN merely re-alleges that Zillow gained "access to TAN's confidential information." *Id.* ¶ 82; *compare id.* ¶¶ 80-85, *with* ¶¶ 55-66. And the alleged "wrongful acts" are the same wrongful act at issue in all of previously addressed claims, as well as the CUTSA claim. *Compare id.* ¶¶ 80-85, *with* ¶¶ 55-66.

### 6. Promissory Estoppel Claim

Like any other equitable claim or remedy, a promissory estoppel claim may be superseded by CUTSA if it is based on the same set of operative facts as the CUTSA claim. *See Digital Envoy*, 370 F. Supp. 2d at 1035 (dismissing an unjust enrichment claim as superseded by

CUTSA). TAN's cause of action for promissory estoppel also restates the same operative facts alleged in its CUTSA claim. In this instance, the cause of action is asserted as an "alternative to [TAN's] breach of contract claim." Complaint ¶ 110. But this claim again asserts that Zillow "represent[ed] that it would keep TAN's information confidential" and that "it would use that information solely for the purpose of evaluating an investment in TAN." *Id.* ¶ 111. As previously illustrated, this is precisely the same alleged wrongdoing that forms the basis of TAN's CUTSA claim. *Compare id.* ¶¶ 109-14, *with id.* ¶¶ 55-66.

### 7. Unjust Enrichment Claim

The Court should dismiss TAN's unjust enrichment action because it also restates the same operative facts as TAN's CUTSA claim. This cause of action is premised on the very same "wrongful acts and omissions" previously described in the complaint, and upon which all the other claims described above are based. Complaint ¶¶ 116-17. This claim also incorporates by reference TAN's CUTSA allegations. *Id.* ¶ 115. Because this cause of action is based on the same alleged wrongdoing that forms the basis of TAN's CUTSA claim, it should be dismissed. *Compare id.* ¶¶ 115-17, *with id.* ¶¶ 55-66. Under virtually identical circumstances, this Court has found unjust enrichment claims displaced by CUTSA, and it should find the same here. *Digital Envoy*, 370 F. Supp. 2d at 1035.

TAN's unjust enrichment cause of action should also be dismissed for the independent reason that it does nothing more than restate TAN's other legal claims for which restitution is a potentially available remedy. *In re Ford Tailgate Litig.*, No. 11-CV-2953-RS, 2014 WL 3899545, at *3-4 (N.D. Cal. Aug. 8, 2014) ("[W]here the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action."). Unjust enrichment is mentioned in only three cursory paragraphs, one of which incorporates the facts underlying all prior causes of

action. Complaint ¶¶ 115-17. Recovery under unjust enrichment is available <u>only</u> if the plaintiff cannot allege restitution as a remedy through other means. *Trazo v. Nestle USA, Inc.*, No. 5:12-CV-2272-PSG, 2013 WL 4083218, at *11 (N.D. Cal. Aug. 9, 2013). But, here, the complaint already alleges both a contract claim and a claim under the Unfair Competition Law—both of which provide for restitution as a possible remedy. *See, e.g.*, *Diacakis v. Comcast*, No. C 11-3002 SBA, 2012 WL 43649, at *6 (N.D. Cal. Jan. 9, 2012) (noting that restitution is an available remedy under the UCL); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1075 (N.D. Cal. 2012) (restitution may be awarded "in lieu of breach of contract damages"). This Court has repeatedly dismissed unjust enrichment claims on the pleadings because they merely restated other pleaded claims, and it should do the same here. *See, e.g.*, *In re Ford Tailgate Litigation*, 2014 WL 3899545, at *3-4; *Trazo*, 2013 WL 4083218, at *11; *Diacakis*, 2012 WL 43649, at *6.

## VI. The Court should dismiss TAN's claim for breach of the covenant of good faith and fair dealing as redundant.

TAN's claim that Zillow breached the covenant of good faith and fair dealing should be dismissed as redundant because it merely restates TAN's claim for breach of an oral contract. In connection with that claim, TAN alleges that Zillow "us[ed] TAN's confidential information for purposes other than to evaluate a potential equity investment" and "us[ed] TAN's confidential information in the development of its own 'Coming Soon' feature." Complaint ¶ 89. Then, in its eighth cause of action, TAN asserts that Zillow breached the implied covenant of good faith and fair dealing by using "TAN's confidential information to create a competing product." *Id.* ¶ 94. These allegations are substantively identical. Any purported distinction between the two sets of allegations is belied by the fact that the complaint describes the wrongdoing at issue in the breach of good faith and fair dealing claim as the "conduct described above," and the preceding paragraphs explicitly incorporate by reference the breach of oral contract claim. *Id.* ¶¶ 92-94.

California law does not permit a plaintiff to bring both a breach of contract claim and a claim for breach of the implied covenant of good faith and fair dealing where "both causes of action cite the same underlying breach." *Landucci*, 2014 WL 3705117, at *12 (citing *Guz v. Bechtel Nat. Inc.*, 8 P.3d 1089, 1095 (Cal. 2000) ("[W]here breach of an actual term is alleged, a separate implied covenant claim, based on the same breach, is superfluous.")). Because TAN's allegations merely restate the alleged contractual breach, and the claim for breach of the covenant of good faith and fair dealing is based on the same alleged facts, it should be dismissed. *See Landucci*, 2014 WL 3705117, at *12-13 (citing *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 272 Cal. Rptr. 387, 398 (Ct. App. 1990)); *see also Integrated Storage Consulting Servs., Inc.*, 2013 WL 3974537, at *7-8 (dismissing breach of the duty of good faith and fair dealing on the pleadings as superfluous).

## VII. The Court should dismiss TAN's claim for declaratory relief because it would be resolved by the determination of other claims.

Courts may dismiss requests for declaratory relief on the pleadings where the determination of other claims would resolve the issues raised by the declaratory action. *See VIA Techs., Inc. v. SONICBlue Claims LLC*, No. C 09-2109-PJH, 2010 WL 2486022, at *3 (N.D. Cal. June 16, 2010). In other words, "[d]eclaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc) (per curiam). Here, the Court should dismiss TAN's request for relief under the Declaratory Judgment Act for that reason.[9] Indeed, TAN does not specify what it wants the Court to declare. *See* Complaint ¶¶ 118-121. And, more

---

[9] District courts have significant discretion on whether or not to allow or deny declaratory relief. *See Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1101 (N.D. Cal. 2006). On at least one occasion, this Court has dismissed requests for declaratory relief on the pleadings as duplicative of a previously dismissed claim for breach of the implied covenant of good faith and fair dealing. *VIA Techs., Inc.*, 2010 WL 2486022, at *3.

importantly, TAN's request for declaratory relief is duplicative to the extent that it seeks relief as to all of TAN's other asserted claims. *VIA Techs., Inc.*, 2010 WL 2486022, at *3; *see also id.* ¶ 118 (incorporating by reference all of the allegations in the complaint). Because declaratory relief will neither clarify the issues in the case, nor terminate it, dismissal is warranted. *See Washington*, 759 F.2d at 1356-57.

## CONCLUSION

For the foregoing reasons, Zillow respectfully requests that the Court grant its motion to dismiss counts 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, and 13 of TAN's complaint and enter the proposed order submitted herewith.

DATED: December 19, 2014

SUSMAN GODFREY LLP

By: /s/ *Brooke A. M. Taylor*
Brooke A. M. Taylor, Lead Attorney
WA Bar No. 33190 (Admitted *Pro Hac Vice*)
btaylor@susmangodfrey.com
Jenna G. Farleigh, CA Bar #28811
jfarleigh@susmangodfrey.com
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Joseph C. Portera (Admitted *Pro Hac Vice*)
jportera@susmangodfrey.com
901 Main Street, Suite 5100
Dallas, TX 85202
Telephone: (214) 754-1900
Facsimile: (214) 754-1933

Oleg Elkhunovich
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

ATTORNEYS FOR DEFENDANT

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of December, 2014, a true and correct copy of the foregoing document was served on all parties via CM/ECF.

*/s/ Brooke A. M. Taylor*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28