SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
SUITE 950
1901 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100
FAX (310) 789-3150
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 5100 | SUITE 3800 | 15TH FLOOR |
| --- | --- | --- | --- |
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1201 THIRD AVENUE | 560 LEXINGTON AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | SEATTLE, WASHINGTON 98101-3000 | NEW YORK, NEW YORK 10022-6828 |
| (713) 651-9366 | (214) 754-1900 | (206) 516-3880 | (212) 336-8330 |

OLEG ELKHUNOVICH
DIRECT DIAL (310) 789-3193

E-MAIL OELKHUNOVICH@SUSMANGODFREY.COM

March 10, 2015

Ms. Corinne Lew
Chambers of Judge Richard Seeborg
San Francisco Courthouse, Courtroom 3 - 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102
rscrd@cand.uscourts.gov

Re:   *Top Agent Network, Inc. v. Zillow, Inc.*, Case No. 3:14-cv-04769-RS

Dear Ms. Lew:

Counsel in the above-referenced matter write jointly to seek the Court's guidance regarding a preferred procedure for the parties to bring a discrete discovery dispute for the Court's consideration.

On October 27, 2014, plaintiff Top Agent Network, Inc. ("TAN") filed an action against defendant Zillow, Inc. ("Zillow") alleging thirteen claims for relief, including misappropriation of trade secrets. Thereafter, on February 24, 2015, TAN agreed to voluntarily provide a statement to Zillow identifying the trade secrets it contends are at issue pursuant to California Code of Civil Procedure section 2019.210. Zillow believes that TAN's disclosure of trade secrets is insufficient under California Code of Civil Procedure section 2019.210. Accordingly, Zillow seeks an order compelling TAN to provide a supplemental disclosure and protecting Zillow from having to respond to TAN's discovery requests relating to its alleged trade secrets until it complies. TAN believes that section 2019.210 is not applicable to actions pending in Federal Court, and even if it does apply, the disclosure it provided voluntarily to Zillow, which is attached as Exhibit A, is more than sufficient.

Thus, the two questions for the Court will be: (1) whether section 2019.210 applies in Federal Court, and (2) if so, whether Exhibit A satisfies section 2019.210.

March 10, 2015
Page 2

The parties have met and conferred extensively and have been unable to resolve this discovery dispute, but agreed to jointly submit their position statements with the Case Management Statement that was previously due on March 12, 2015, to be considered by the Court at the Case Management Conference previously scheduled for March 19, 2015. Today, however, the Court rescheduled the Case Management Conference to April 23, 2015. Dkt. No. 35.

The parties both believe that a resolution of this discrete discovery issue is desirable before Zillow's discovery responses are due on March 26, 2015. Accordingly, by this letter, we respectfully request the Court's guidance on the most efficient way to resolve this discrete discovery dispute on an expedited basis, whether by joint letter brief, informal telephone conference, or another method.

Thank you for your assistance with this matter.

Respectfully submitted,

Oleg Elkhunovich
Attorney for Zillow, Inc.

Paul Llewellyn
Attorney for Top Agent Network, Inc.

# Exhibit A

LEWIS & LLEWELLYN LLP
Paul T. Llewellyn (Bar No. 216887)
Marc R. Lewis (Bar No. 233306)
Evangeline A.Z. Burbidge (Bar No. 266966)
505 Montgomery Street, Suite 1300
San Francisco, California 94111
Telephone:  (415) 800-0590
Facsimile:  (415) 390-2127
Email: pllewellyn@lewisllewellyn.com
       mlewis@lewisllewellyn.com
       eburbidge@lewisllewellyn.com

Attorneys for Plaintiff
TOP AGENT NETWORK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TOP AGENT NETWORK, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>ZILLOW, INC.,<br><br>        Defendant. | CASE NO.  3:14-cv-04769-RS<br><br>**PLAINTIFF TOP AGENT NETWORK, INC.'S CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 2019.210 STATEMENT** |

TO DEFENDANT, ZILLOW, INC., AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT plaintiff, Top Agent Network, Inc. ("TAN") identifies the following trade secrets pursuant to California Code of Civil Procedure Section 2019.210.

By making this statement, TAN does not concede that such a statement is required in federal court, and the fact of making this statement is not to be treated as an admission by TAN that such a statement is required.  *See*, *e.g.*, *Social Apps, LLC v. Zynga, Inc.*, 2012 WL 2203063, at *1 (N.D. Cal. Jun. 14, 2012) ("the Ninth Circuit has not decided whether section 2019.210 applies to actions in federal court[.]"); *New Show Studios LLC v. Needle*, 2014 WL 2988271, at *9 (C.D. Cal. Jun. 20, 2014) (holding that section 2019.210 did not apply, and "[t]o the extent more detail is needed, that detail can be obtained through discovery.").

This statement is made without prejudice to adding additional or different trade secrets once TAN obtains discovery from Zillow, Inc. ("Zillow"), and thus this statement is based upon, and necessarily limited by, the records and information in existence, presently recollected, and thus far discovered.  This statement is given without prejudice to TAN's right to produce all evidence, whenever discovered, relating to the proof of facts subsequently discovered to be material.  In addition, TAN reserves the right to produce at trial, or at any other hearing, any evidence, facts, documents or information not yet discovered, or for which the relevance has not yet been determined by TAN or its counsel.

1. Key metrics relating to the operation of TAN across three geographic areas (Marin County, Santa Clara West and Chicago) including:

- The percentage of eligible real estate agents who are members of TAN.
- The percentage of total market sales TAN members are responsible for.
- The total number of non- and pre-MLS listings posted by TAN members in 2013.
- The percentage of members who had ever posted a non- or pre-MLS listing on TAN.
- The percentage of members who had posted a non- or pre-MLS listing in the past 60 days.
- The percentage of members who had opened five or more TAN member emails in the past 30 days.

- How often TAN member agents shared a non- or pre-MLS listing with their clients.
- The average number of times clients of TAN members viewed a TAN post of a non- or pre-MLS listing sent to them by TAN member agents.
- The percentage of TAN members who repeatedly shared posts with their clients.
- The approximate number of clients represented by TAN members.

A compilation of this information was contained in a document which was provided to Zillow at a meeting between representatives of TAN and Zillow on or about March 12, 2014.

2.   The results of a survey of TAN member agents describing how TAN has helped those member agents in their business. A compilation of these survey results was contained in a document which was provided to Zillow at a meeting between representatives of TAN and Zillow on or about March 12, 2014.

3.   The manner in which TAN's non- and pre-MLS listings were displayed and exchanged among TAN member agents, including the format of the listings, the information about the listings that was displayed, and why the manner in which the listings were displayed was so important to the success of the concept.

4.   Information contained in TAN's password-protected, members-only web application, which included full access to TAN's pre- and non-MLS listings as well as the identity of the agents posting those listings and the manner in which those listings were exchanged.

5.   Information contained in TAN's member-only emails, which included details of pre- and non-MLS listings, as well as the identity of the agents posting those listings and the manner in which those listings were exchanged.

6.   Confidential and proprietary information concerning TAN's business strategy and model including its unique features, its membership model, and the tools and features that were necessary to make a viable and vibrant network focused on pre- and non-MLS listings.

Dated: February 24, 2015

LEWIS & LLEWELLYN LLP
Paul T. Llewellyn
Marc R. Lewis
Evangeline A.Z. Burbidge

By: /s/ Paul T. Llewellyn
Paul T. Llewellyn

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is Lewis & Llewellyn LLP, 505 Montgomery Street, Suite 1300, San Francisco, CA 94111. I am familiar with the office practice of Lewis & Llewellyn LLP for collecting and processing documents for delivery.

On **February 24, 2015**, in accordance with the office practices of Lewis & Llewellyn LLP, I served a true copy of the following document(s):

**PLAINTIFF TOP AGENT NETWORK, INC.'S CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 2019.210 STATEMENT**

The foregoing document(s) were served by the following means:

☐ (**By U.S. Mail**) I placed the document(s) listed above in a sealed envelope or package in the manner addressed below and deposited the sealed envelope or package with the United States Postal Service with postage thereon fully prepaid.

☐ (**By Overnight Mail Delivery**) I deposited the document(s) listed above in a collection box, or else they were picked up at of the offices of Lewis & Llewellyn LLP, for overnight mail delivery, with delivery fees thereon fully prepaid.

☐ (**By Facsimile Transmission**) I faxed the document(s) listed above to the facsimile machine number(s) shown below.

☒ (**By Electronic Mail**) I emailed the document(s) listed above to the electronic mail address(es) shown below.

☐ (**By Hand Delivery**) I caused the document(s) listed above to be hand-delivered in a sealed envelope or package to the addressee(s) or the receptionist, clerk, or secretary in the office(s) of the addressee(s).

The document(s) listed above were sent to the following address(es):

Brooke A.M. Taylor – btaylor@susmangodfrey.com
Joseph C. Portera – jportera@susmangodgrey.com
Jenna G. Farleigh – jfarleigh@susmangodfrey.com
Oleg Elkhunovich – oelkhunovich@susmangodfrey.com
Joanna Stanley – jstanley@susmangodfrey.com

Executed on **February 24, 2015**, at San Francisco, California.

/s/ Paul T. Llewellyn
Paul T. Llewellyn

4