<div style="writing-mode: vertical">United States District Court
Northern District of California</div>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOP AGENT NETWORK, INC., <br><br>        Plaintiff, <br><br>  v. <br><br> ZILLOW, INC., <br><br>        Defendant. | Case No.  14-cv-04769-RS   (DMR) <br><br> **NOTICE OF REFERENCE AND ORDER RE: DISCOVERY PROCEDURES** <br><br> Re: Dkt. No. 36 |

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter has been referred to Magistrate Judge Donna M. Ryu for resolution of all discovery matters.  The parties seek the court's guidance regarding preferred procedures for bringing discovery disputes for the court's consideration.

The parties may seek judicial intervention in discovery disputes following to the procedures in this order, the Federal Rules of Civil Procedure, and the Northern District of California's Local Rules, General Orders, and Standing Orders.  Local rules, general orders, standing orders, and instructions for using the Court's Electronic Case Filing system are available at http://www.cand.uscourts.gov.  Failure to comply may result in sanctions.

Any joint letter on the dispute referenced in Docket No. 36 shall be filed by **March 23, 2015.**  If a letter is filed by that date, the court will set a hearing on the letter for **April 9, 2015 at 11:00 a.m.**

### RESOLUTION OF DISCOVERY DISPUTES

In order to respond to discovery disputes in a flexible, cost-effective and efficient manner, the court uses the following procedure.  The parties shall not file formal discovery motions.  Instead, as required by the federal and local rules, the parties shall first meet and confer to try to

United States District Court
Northern District of California

1    resolve their disagreements.  The meet and confer session must be **in person or by telephone,** and

2    may not be conducted by letter, e-mail, or fax.  If disagreements remain, the parties shall file a

3    joint letter **no later than five business days** after the meet and confer session, unless otherwise

4    directed by the court.  **Lead trial counsel for both parties must sign the letter**, which shall

5    include an attestation that the parties met and conferred in person or by telephone regarding all

6    issues prior to filing the letter.  **The letter must also include a paragraph listing relevant case**

7    **management deadlines**, including (1) the fact and expert discovery cut-off dates; (2) the last day

8    to hear or file dispositive motions; (3) claim construction or class certification briefing deadlines

9    and hearing dates; and (4) pretrial conference and trial dates.  Going issue-by-issue, the joint letter

10   shall describe each unresolved issue, summarize each party's position with appropriate legal

11   authority, and provide each party's final proposed compromise before moving to the next issue.

12   The joint letter shall not exceed **eight** pages (12-point font or greater; margins no less than one

13   inch) without leave of court.  **Parties are expected to plan for and cooperate in preparing the**

14   **joint letter so that each side has adequate time to address the arguments.**  In the rare instance

15   that a joint letter is not possible, each side may submit a letter not to exceed **three** pages, which

16   shall include an explanation of why a joint letter was not possible.  The parties shall submit one

17   exhibit that sets forth each disputed discovery request in full, followed immediately by the

18   objections and/or responses thereto.  No other information shall be included in the exhibit.  No

19   other exhibits shall be submitted without prior court approval.  The court will review the

20   submission(s) and determine whether formal briefing or proceedings are necessary**.  Discovery**

21   **letter briefs must be e-filed under the Civil Events category of Motions and Related Filings >**

22   **Motions - General > "Discovery Letter Brief"**.

23          The court has found that it is often efficient and beneficial for counsel to appear in person

24   at discovery hearings.  This provides the opportunity to engage counsel, where appropriate, in

25   resolving aspects of the discovery dispute while remaining available to rule on disputes that

26   counsel are not able to resolve themselves.  **For this reason, the court expects counsel to appear**

27   **in person.**  Permission to attend by telephone may be granted upon written request made at least

28   one week in advance of the hearing if the court determines that good cause exists to excuse

2

1  personal attendance, and that personal attendance is not needed in order to have an effective

2  discovery hearing.  The facts establishing good cause must be set forth in the request.

3  In emergencies during discovery events (such as depositions), any party may, after exhausting

4  good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-

5  1(b) by contacting the court through the courtroom deputy.  If the court is unavailable, the

6  discovery event shall proceed with objections noted for the record.

7                          **CHAMBERS COPIES AND PROPOSED ORDERS**

8          Pursuant to Civil L.R. 5-1(e)(7) and 5-2(b), parties must lodge an extra paper copy of

9  certain filings and mark it as a copy for "Chambers." All chambers copies should be three-hole

10  punched, and must include tabs between exhibits.

11         Any stipulation or proposed order submitted by an e-filing party shall be submitted by

12  email to dmrpo@cand.uscourts.gov as a word processing attachment on the same day the

13  document is e-filed.  This address should only be used for this stated purpose unless otherwise

14  directed by the court.

15                                  **PRIVILEGE LOGS**

16         If a party withholds responsive information by claiming that it is privileged or otherwise

17  protected from discovery, that party shall **promptly** provide a privilege log that is sufficiently

18  detailed for the opposing party to assess whether the assertion of privilege is justified.  Unless the

19  parties agree to alternative logging methods, the log should include: (a) the title and description of

20  the document, including number of pages or Bates-number range; (b) the subject matter addressed

21  in the document; (c) the identity and position of its author(s); (d) the identity and position of all

22  addressees and recipients; (e) the date the document was prepared and, if different, the date(s) on

23  which it was sent to or shared with persons other than its author(s); and (f) the specific basis for

24  the claim that the document is privileged or protected.  Communications involving trial counsel

25  that post-date the filing of the complaint need not be placed on a privilege log.

26  //

27  //

28  //

United States District Court
Northern District of California

3

1       Failure to promptly furnish a privilege log may be deemed a waiver of the privilege or

2  protection.

3

4      **IT IS SO ORDERED.**

5  Dated: March 12, 2015

6                        _____

7                        DONNA M. RYU
                          United States Magistrate Judge